**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

Electrasense Technologies LLC
                                        Plaintiff

        -against-

Eaton Corporation
                                        Defendants

Civil Action No.: 7:26-cv-8

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Electrasense Technologies LLC ("Electrasense" or "Plaintiff"), by way of this Complaint against Defendant Eaton Corporation ("Eaton" or "Defendant") alleges as follows:

**PARTIES**

1.      Plaintiff Electrasense Technologies LLC is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 17330 Preston Road, Suite 200D, Dallas, Texas 75252.

2.      On information and belief, Defendant is a corporation organized under the laws of Delaware having a principal place of business at 1000 Eaton Boulevard, Cleveland, Ohio, 44122, United States.

**JURISDICTION AND VENUE**

3.      This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement Eaton of claims of U.S. Patent No. US 9,812,876 B2.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**5.**      Eaton is subject to personal jurisdiction of this Court because, *inter alia*, on

1

information and belief, (i) Eaton maintains a regular and established place of business in the Western District of Texas at 4616 Howard Ln., Suite 500, Austin, TX 78728 and in El Paso (https://www.eaton.com/us/en-us/company/news-insights/news-releases/2023/eaton-invests-150-million-to-increase-manufacturing.html); (ii) Eaton has committed and continues to commit acts of patent infringement in the State of Texas, including by making, using, offering to sell, selling, and/or importing the accused products into Texas; (iii) Eaton purposefully supplies and directs the accused products for storage, warehousing, and sales by distributors and resellers in the State of Texas; (iv) Eaton delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the State of Texas; (v) Eaton derives substantial revenue from its activities in this District; and (vi) Eaton has purposefully established substantial, systematic and continuous contacts with this District such that it should reasonably expect to be hailed into court in this District.

6.      Venue is proper as to Eaton in this District under 28 U.S.C. § 1400(b) because, *inter alia*, on information and belief, Eaton has a regular and established place of business in this District at 94616 Howard Ln., Suite 500, Austin, TX 78728, and has committed acts of infringement in the District and/or has contributed to or induced acts of patent infringement by others in this District.

7.      Eaton has infringed and continues to infringe the Patents-in-Suit by making, using, selling, or offering for sale in the United States, or importing into the United States wall outlets with the functionality claimed in the Patents-in-Suit.

## PATENTS-IN-SUIT

### U.S. PATENT NO. US 9,812,876

8.      On November 7, 2017, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. US 9,812,876 ("the '876 Patent")(Attached as Ex. A), entitled

"Wall socket with load detecting circuit"

9.     Plaintiff is the owner of all rights, title, and interest in and to the '876 Patent, with the full and exclusive right to bring suit to enforce the '876 Patent, including the right to recover for past infringement.

10.     The '876 Patent is valid and enforceable under United States Patent Laws.

11.     The '876 Patent discloses a wall socket, which has an input terminal configured to receive an input voltage from a power grid, an output terminal, a power converting circuit, and a load detecting circuit. The output terminal outputs a DC output voltage. The power converting circuit converts the input voltage to a dc output voltage according to a control signal. The load detecting circuit receives an identification signal output by an electronic device and then outputs the control signal according to the identification signal to adjust the level of the DC output voltage. The level of the DC output voltage varies according to the identification signal and is selected from a plurality of different voltage levels.  Prior to the '876 Patent, USB wall sockets only provided a fixed output voltage, which was insufficient to satisfy the charging requirements of various modern devices, such as smart phones and tablets. Additionally, the fixed power output of the prior art USB wall sockets resulted in power consumption during the standby state leading to excess energy loss (Ex. A, 1:16-27). In contrast, the invention improves upon prior designs by integrating a load detection circuit that identifies the voltage requirements of an electronic device and dynamically adjusts the DC output. Among other advantages, this approach ensures compatibility with various devices and enhances power management efficiency.

**COUNT I: INFRINGEMENT OF THE '876 PATENT BY EATON**

12.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

13.     On information and belief, Eaton has infringed and is infringing the '876 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using,

3

offering to sell, selling in the United States or importing into the United States the Eaton 60W

USB Power Delivery Type A/C among other substantially similar products (*e.g.* Eaton

TRUSBPDAC20, TRUSBPDC15, and TRUSBPDC20) (the "'876 Accused Products").

14.    As just one non-limiting example, set forth in Exhibit 1 is an exemplary claim chart

evidencing Defendant's infringement of claim 1 of the '876 Patent in connection with the '876

Accused Products (*e.g.,* the Eaton 60W USB Power Delivery Type A/C). This description is based

on publicly available information. Electrasense reserves the right to modify this description,

including, for example, on the basis of information about the '876 Accused Products that it obtains

during discovery.

15.    On information and belief, Eaton has induced infringement of the '876 Patent

pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and

encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and

end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United

States, the Accused Products by, among other things, providing the Accused Products and

incorporated technology, specifications, instructions, manuals, advertisements, marketing

materials, and technical assistance relating to the installation, set up, use, operation, and

maintenance of said products.

16.    On information and belief, Eaton has infringed the '876 Patent pursuant to 35

U.S.C. § 271(g), literally or under the doctrine of equivalents, by importing into the United States

or offering to sell, selling, or using within the United States the Accused Products and all other

substantially similar products contained therein which are made by a patented process claimed by

the '876 Patent.

17.    On information and belief, Eaton has committed the foregoing infringing activities

without a license.

## **PRAYER FOR RELIEF**

WHEREFORE, Electrasense prays for judgment in its favor against Eaton for the

following relief:

A.     Entry of judgment in favor of Electrasense against Eaton on all counts;

B.     Entry of judgment that Eaton has infringed the Patents-in-Suit;

C.     Entry of judgment that Eaton's infringement of the Patents-in-Suit has been

willful;

D.     An order permanently enjoining Eaton from infringing the Patents-in-Suit;

E.     Award of compensatory damages adequate to compensate Electrasense for

Eaton's infringement of the Patents-in-Suit, in no event less than a reasonable royalty trebled as

provided by 35 U.S.C. § 284;

F.     Award of reasonable attorneys' fees and expenses against Eaton pursuant to 35

U.S.C. § 285;

G.     Electrasense's costs;

H.     Pre-judgment and post-judgment interest on Electrasense's award; and

I.     All such other and further relief as the Court deems just or equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in

this action of all claims so triable.

Dated:  January 12, 2025                    Respectfully submitted,

                                            By: */s/ Hao Ni*

Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Neam Massand
Texas Bar No.  24039038
nmassand@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff Electrasense Technologies
LLC*